UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BAYLOR HEALTH CARE SYSTEM, § <br> BAYLOR HEART AND VASCULAR § <br> HOSPITAL, and § <br> BAYLOR UNIVERSITY MEDICAL § <br> CENTER, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> INSURERS ADMINISTRATIVE § <br> CORPORATION, § <br> § <br> Defendant. § | CIVIL ACTION NO. 3:09-CV-1019-B |

MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Insurers Administrative Corporation's ("Defendant") (1) Motion to Dismiss Plaintiffs' Complaint and Brief in Support (doc. 8) and (2) Motion for a More Definite Statement (doc. 8). Having considered the motions, Plaintiffs'–Baylor Health Care System, Baylor Heart and Vascular Hospital, and Baylor University Medical Center (collectively "Plaintiffs")– Response, Defendant's Reply, and all arguments in support and opposition, the Court DENIES both motions as set forth herein.

I.

BACKGROUND

This case arises from a dispute over the Defendant's alleged failure to pay five healthcare

claims within the contractual payment period.[1]  Plaintiffs provide healthcare services in the Dallas-Fort Worth area. (Compl. ¶ 6.)  Defendant is a "third-party administrator ("TPA") who provides healthcare benefit claims administration, including the receipt, review and payment of claims." (Compl. ¶ 8.) Nonparty Private Health Care Systems ("PHCS") is an operator of a Preferred Provider Plan network that contracts with subscribers, such as insurance companies, employer health plans, and TPAs as well as hospitals and physicians.  (Compl. ¶ 7.)  Through these contracts, individual members of PHCS's subscribers pay reduced rates for their healthcare services.  (Id.)

In January 2002, Plaintiffs and PHCS entered into a Hospital Services Agreement ("HSA") in which Plaintiffs agreed to provide PHCS's subscribers–"Payors" as defined under the HSA–such reduced rates.  (Compl. ¶¶ 9, 11.)  PHCS, in turn, contracted with its Payors through a Payor Acknowledgment form, resulting in a Payor being contractually bound to pay claims within forty-five days of receipt of any claim.  (Compl. ¶ 11.)  If a claim is not properly paid, the Payor losses eligibility for reduced rates and must pay the regular higher rates.  (Id.) Plaintiffs allege that Defendant became a Payor upon signing a Payor Acknowledgment form with PHCS on August 31, 1999.  (Compl. ¶ 10-12.)  As a result, Plaintiffs maintain that Defendant was required to pay claims within the payment period.  (Compl. ¶¶ 12, 13.)

Plaintiffs filed suit on five claims that were not paid within the payment period, claiming breach of contract.  They seek relief for $73,477.83 in damages–the difference between reduced and regular rates–and all reasonable attorney fees.  (Compl. ¶¶ 17, 19.)  Defendant followed with this

---

[1]The background facts are derived from Plaintiffs' Original Complaint ("Complaint") (doc. 1) and on undisputed facts gleaned from the parties' court papers.  Where there may be a dispute over a stated fact the Court has so indicated by claiming the fact as one stated by that party to be true.

Motion to Dismiss contending that Plaintiffs' pleadings fall short of alleging breach of contract because they do not establish that Defendant was a Payor and thus contractually bound to make the payments at issue. In addition, Defendant claims that Plaintiffs also failed to allege that Plaintiffs complied with an HSA appeal provision.

Both parties have submitted briefs, and the Court now turns to the merits of its decision.

## II.

## ANALYSIS

A. *Rule 12(b)(6) Motion to Dismiss*

    i.    <u>Applicable Law</u>

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). A 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

    ii.    <u>Analysis</u>

Defendant seeks a 12(b)(6) dismissal on two supposed defects in the Complaint: first, that

it fails to allege that Defendant is a Payor; and second, that it also fails to allege that Plaintiffs appealed the claims at issue during the designated appeal period.

In support of its first argument, Defendant construes the HSA, the Payor Acknowledgment form, and Texas Insurance Code to argue that Defendant is not a Payor. (Mot. to Dismiss 3-6.) This argument goes well beyond the proper scope of a 12(b)(6) motion asking the Court to consider summary judgment-type proof appropriate primarily under a Fed. R. Civ. P. 56 challenge. Moreover, under a 12(b)(6) analysis of the Complaint, the Court finds that Plaintiffs have alleged sufficient facts that Defendant is a Payor. Specifically, Plaintiffs allege that Defendant became a Payor upon signing the Payor Acknowledgment form. (Compl. ¶ 12.)

Defendant's second argument is similarly flawed. Defendant argues that Plaintiffs failed to appeal the claims during the appeal period designated under the HSA. (Mot. to Dismiss 6-7.) It is somewhat unclear whether Defendant makes this argument based on a pleading deficiency or some other legal shortcoming. Nor can the Court discern how this deficiency relates to the sufficiency of the pleadings with respect to their breach of contract claim. As such, it is not a properly before the Court under Rule 12(b)(6). Accordingly, Defendant's Motion to Dismiss is DENIED.

B.   *Rule 12(e) Motion for a More Definite Statement*

Defendant next asks the Court at the end of its Motion to Dismiss to consider requiring Plaintiffs to provide identifying information on the five claims under Rule 12(e).[2] (Mot. to Dismiss

---

[2] Alternatively, Defendant argues that two pre-suit letters sent by Plaintiffs should be considered by the Court in determining this motion, because they identify the claims and provide additional details of the claims. The Court's review on a motion to dismiss, however, is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey,* 394 F.3d at 288. The pre-suit letters are neither referred to in the Complaint nor central to the claims. Therefore, the Court finds that it does not have to consider the pre-suit letters in determining the Motion to Dismiss.

7.)

  i.  <u>Applicable Law</u>

Motions for a more definite statement under Federal Rule of Civil Procedure 12(e) are generally disfavored and should be granted only as a remedy for unintelligible pleadings that are "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" FED. R. CIV. P. 12(e); *see Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Rule 12(e) is not a means for a defendant to obtain information that is otherwise obtainable through the discovery process. *Mitchell*, 269 F.2d at 132.

  ii.  <u>Analysis</u>

Defendant bases its 12(e) motion on the fact that the Complaint does not identify the five claims at issue. (Mot. to Dismiss 7.) In particular, Defendant's interest in identification of the claims is tied to the dates of the claims, which Defendant believes show Plaintiffs did not exercise their HSA appeal right and are without further recourse for collecting payment. (*Id.*) Such a basis, however, is inappropriate for a 12(e) motion when Defendant may obtain the desired information through the discovery process. Additionally, the Court finds that the facts alleged in the Complaint are clearly sufficient for Defendant to formulate a response and do not suffer from vagueness for purposes of Rule 12(e). Therefore, the Motion for a More Definite Statement is DENIED.

### III.

### CONCLUSION

For the reasons set forth in this order, it is ORDERED that Defendant's Motion to Dismiss Plaintiffs' Complaint and Motion for a More Definite Statement are both DENIED.

  **SO ORDERED.**

DATED February 9, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE